UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 9:22-MC-81229-DMM

In re: Application Pursuant to
28 U.S.C.§ 1782 of

FARHAD AZIMA
5921 Ward Parkway
Kansas City, Missouri 64113,

    Petitioner,
v.

GLOBAL IMPACT SERVICES, EITAN
ARUSY and TRUIST
FINANCIAL CORPORATION,

    Respondents.
_____/

**TRUIST'S ANSWER AND MOTION FOR PROTECTIVE ORDER IN RESPONSE TO PETITIONER'S APPLICATION FOR AN ORDER TO TAKE DISCOVERY FROM RESPONDENTS PURSUANT TO 28 U.S.C. § 1782**

**COMES NOW**, Respondent, TRUIST FINANCIAL CORPORATION, ("Truist" or the "Bank"), by and through its undersigned attorneys, and pursuant to the Federal Rules of Civil Procedure, Rules 12 and 45, hereby answers Petitioner, Farhad Azima's ("Petitioner") Application for an Order to Take Discovery from Respondents Pursuant to 28 U.S.C. § 1782 [DE 1] (the "Application") and moves this Court for the entry of a protective order in response to Petitioner's Memorandum of Law in Support of the Application [DE 1-1] (the "Memorandum"), and respectfully requests that this Court stay compliance with the Application pending the entry of an order on this Motion.

**ANSWER TO APPLICATION**

As and for its response to the Application, Truist states that it is without knowledge of the UK Proceeding (as defined therein) and is further without knowledge of the factual or legal assertions made by the Petitioner in support of the Application.

CASE NO.: 9:22-MC-81229-DMM

With respect to the Memorandum, Truist has reviewed the Memorandum, the Declaration of Dominic Holden [DE 1-2] (the "Holden Dec."), and the proposed subpoena for documents attached as an exhibit to the Holden Dec. (DE 1-2 at 219). Truist is without knowledge of any of the facts or circumstances set forth in the Memorandum and the Holden Dec. With respect to the proposed subpoena directed to Truist, Truist seeks entry of a protective order limiting the discovery to be had and incorporates by reference the Memorandum of Law set forth below.

**MEMORANDUM OF LAW**

In the proposed subpoena directed to Truist, Petitioner seeks production of "All documents and communications related to Mr. Eitan Arusy and Global Impact Services, LLC." This request specifically includes bank statements and account records, and records of any other banking services for all account[s] those two parties hold (or held) with Truist. *See* Holden Dec. at 225. Truist seeks entry of a protective order because the documents sought constitute the private banking records of Truist customers, which are protected from disclosure without those customers' explicit consent under both Florida and Federal law.

**I. THIS COURT SHOULD ENTER A PROTECTIVE ORDER IN TRUIST'S FAVOR**

Under Fed. R. Civ. P. 26(b)(2)(C)(i), the Court must limit discovery that is "unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome, or less expensive." An order restricting discovery is also required where "the party seeking discovery has had ample opportunity to obtain the information by discovery in this action," or "the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2)(C) (ii, iii). Additional mechanisms constraining the scope of discovery under Rule 26 include the entry of a protective order, which is appropriate for good cause shown to prevent a person from "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The Application poses an undue burden on Truist as its ability to comply with it is constrained by law. Truist has absolutely no interest in the instant action and is filing this Motion for good cause.

CASE NO.: 9:22-MC-81229-DMM

### A. The Application Requires the Disclosure of Account Owners' Confidential Financial Information.

Both Federal law and Florida law provide for privacy protection requirements imposed upon financial institutions with respect to their customers' private banking records. Specifically, the Gramm-Leach-Bliley Act ("GLBA"), 15 U.S.C. §§ 6801–6809, provides that a bank "may not disclose nonpublic personal information to a nonaffiliated third party unless," among other things, the account holder is given an opportunity to request that the information not be disclosed. 15 U.S.C. § 6802(b)(1)(B). Additionally, under Florida law, providing confidential documentation or information without the customer's authorization or a court order would violate the constitutional privacy and due process rights of the Account owner. *See Alterra Healthcare Corporation v. Estate of Shelley,* 827 So.2d 936, 941-44 (Fla. 2002) (holding that privacy rights extend to personal information contained in nonpublic files). As a rule, protected matters are not subject to discovery where the intrusion into a privacy interest exceeds the relevance of the information. *Id.*

Moreover, pursuant to section 655.059, Florida Statutes, the books and records of a financial institution are confidential and shall be made available for inspection and examination only, inter alia, as compelled by a Court of competent jurisdiction. Specifically, Fla. Stat. § 655.059(2)(b) provides:

> The books and records pertaining to the deposit accounts and loans of depositors, borrowers, members, and stockholders of any financial institution shall be kept confidential by the financial institution and its directors, officers, and employees and shall not be released except upon express authorization of the account holder as to her or his own accounts, loans, or voting rights.

As a non-party to this action, Truist should not have to face the dilemma of choosing which law to comply with and which law to violate. Here, a requested disclosure of confidential financial records, places an undue burden on the Bank. Accordingly, both Florida and Federal law dictate that a financial institution shall only release the account records to another party if the account holder provides his, her or its express authorization or the financial institution is compelled by a Court of competent jurisdiction. "Personal finances are among those private matters kept secret by most people." *Woodward v. Berkery*,

714 20 2d 127, 1035 (Fla. 4th DCA 1998).

In fact, pursuant to section 655.059(2)(c), a person who willfully violates the provisions of this section that relates to unlawful disclosure of confidential information is guilty of a felony of the third degree. *See Foster v. Bank of Am., N.A.*, 2017 Fla. App. LEXIS 4195 (Fla. 3d DCA 2017) (holding that although discovery was allowable under the circumstances, an objection to a Subpoena "was reasonable and necessary given the requirement under Fla. Stat., § 655.059(1)(e), that financial institutions keep their books and records confidential and that Fla. Stat. § 655.059(2)(c), actually made it a felony for any person wrongfully to disclose such confidential information").

Additionally, account records and financial information are deemed to be protected matters within the purview of Rule 45. *Solow v. Conseco.*, 2008 WL 190340, *2 (S.D.N.Y. January 18, 2008); see also *Refco Crp., LLC v. Cantor Fitzgerald, L.P.* 2014 U.S. Dist. LEXIS 155009, at *18 (S.D.N.Y. 2014) (holding that when considering whether to grant discovery, courts must weigh the relevance or probative value of the documents being sought against the privacy interests asserted).

In the case at bar, the account records sought by Petitioner by definition contain confidential financial information. Truist has inquired as to whether Petitioner has obtained the account owners' consent to disclose their private bank records. The account owners have not consented to the disclosure or production of the requested documentation and information, and as such Truist is prohibited from producing the requested documents under the GLBA, 15 USC § 6801, the Florida Constitution, and Fla. Stat. §655.059. Because bank account statements contain private financial information, Truist cannot be made to produce this confidential information without the express authorization from the account owners pursuant to Fla. Stat. § 655.059(2)(b).

Here, as the account owners have not provided Truist with their express written permission to disclose or produce any confidential financial information, Truist has no choice but to object to the production and/or disclosure of its records and/or information or lack thereof, related to the account owners without a Court order entered pursuant to Florida Statute § 655.059. For all the foregoing reasons,

Truist requests that the Court enter a Protective Order excusing Truist from disclosing any confidential records or information sought in the Application.

### C.   Truist is Entitled to Recover its Fees and Compliance Costs

Should this Court enter an order directing Truist to produce the documents requested, the Bank respectfully requests that this Court require Petitioner to pay in advance for the total cost of producing, searching for, reproducing, or transporting the requested documentation. *See* §655.0059(1)(e), Fla. Stat. ("Prior to the production of the books and records of a financial institution, the party seeking production must reimburse the financial institution for the reasonable costs and fees incurred in compliance with the production."); *see also* § 92.153(2)(a), Fla. Stat. (stating that a non-party shall be paid for the cost of producing, searching for, reproducing or transporting documents in response to a subpoena). Particularly as a non-party, Truist is entitled to "consideration regarding expense and inconvenience." *Nova Biomedical Corp. v. i-Stat Corp.*, 182 F.R.D. 419, 423 (S.D. N.Y. 1998). Moreover, pursuant to Fed. R. Civ. P. 26(c)(1)(B) this court may specify "terms, including time and place or the allocation of expenses, for the disclosure or discovery[.]" For all the foregoing reasons, Truist requests that the Court enter a Protective Order requiring Petitioner to pay the costs of production in advance and as a condition of production.

**WHEREFORE**, Truist, respectfully requests that this Court Deny the Petitioner's Application for an Order to Take Discovery from Respondent [DE 1] and grant Truist's motion to enter a Protective Order: (1) protecting Truist from complying with the Application and proposed subpoena therein; (2) and/or alternatively, should the Court compel Truist to produce the requested documents, requiring that Petitioner make payment in advance of the production of documents to cover the reasonable costs incurred in producing, searching for, reproducing and

transporting the documents in response to the Application, and grant such other relief as this Court deems just and proper.

Respectfully submitted,

/s/ Mark E. Steiner
MARK E. STEINER
Florida Bar No. 28513
E-mail: mes@lgplaw.com
*Attorneys for Truist Financial Corporation*
**LIEBLER, GONZALEZ & PORTUONDO**
Courthouse Tower - 25th Floor
44 West Flagler Street
Miami, FL 33130
Telephone: (305) 379-0400

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of September, 2022, I electronically caused the foregoing document to be filed with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record in the manner specified via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ Mark E. Steiner
MARK E. STEINER