UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 22-81229-CIV-MARTINEZ-BECERRA

In re: Application Pursuant to
28 U.S.C.§ 1782 of

FARHAD AZIMA
5921 Ward Parkway
Kansas City, Missouri 64113,

       Petitioner,

v.

GLOBAL IMPACT SERVICES, LLC,
EITAN ARUSY and TRUIST
FINANCIAL CORPORATION,

       Respondents.
_____/

**EITAN ARUSY'S RESPONSE IN OPPOSITION
TO THE APPLICATION OF FARHAD AZIMA**

Respondent Eitan Arusy, through undersigned counsel who makes only a limited appearance, hereby files this opposition to the application of Farhad Azima for issuance of subpoenas under 28 U.S.C. § 1782 seeking both testimony in Mr. Arusy's individual capacity and production of documents his private financial records from him individually.[1]

As a basis for his opposition, Arusy asserts that Azima has failed to meet his statutory burden to demonstrate that Arusy "resides" or is "found" in the Southern District of Florida. Because Azima has failed to satisfy this criteria of 28 U.S. C. § 1782, the Court must deny the application. In addition,

---

[1] Arusy makes this limited appearance through counsel solely to object to the granting of the current application as to him and does not waive any objection he has as to jurisdiction, service of process, or otherwise. *See, e.g., In re Deposito Centralizado de Compensacion y Liquidacion de Valores Decevale, S.A.*, No. 20-25212-MC, 2021 WL 2323226, at *4 (S.D. Fla. June 1, 2021) (noting that objecting in the context of a Section 1782 proceeding does not acquiesce to the Court's jurisdiction); *OOO Brunswick Rail Mgmt. v. Sultanov*, No. 5:17-CV-00017-EJD, 2017 WL 2438562, at *5 (N.D. Cal. June 6, 2017) (rejecting argument that non-party waives jurisdictional objections by specially appearing to challenge subpoena because adopting such a view would "force [the non-party] to make the unfair choice between consenting to personal jurisdiction and giving up the opportunity to object to [the] subpoena").

pursuant to the *Intel* factors, Arusy further opposes the application because the requests for information from or about him are unduly intrusive and burdensome.

### I.  Background

On August 8, 2022, Azima applied for judicial assistance from this Court pursuant to 28 U.S.C. §1782 (the "Application"). (Dkt. 1.) Through the Application, Azima asks permission to serve a subpoena for documents and deposition testimony on Arusy, as well as on a Florida limited liability company, Global Impact Services, LLC, and a bank, Truist Financial Corporation ("Truist"). *Id.*

Azima asserts that the discovery at issue is being sought in relation to currently pending litigation in the High Court of Justice of England and Wales[2] concerning alleged hacking activities that Azima contends occurred in 2016 (the "U.K. Litigation").

### II.  Standards

Pursuant to 28 U.S.C. § 1782, a district court may grant an application for judicial assistance where four criteria are met:

> (1) the request must be made "by a foreign or international tribunal," or by "any interested person"; (2) the request must seek evidence, whether it be the "testimony or statement" of a person or the production of "a document or other thing"; (3) the evidence must be "for use in a proceeding in a foreign or international tribunal"; and (4) the person from whom discovery is sought must reside or be found in the district of the district court ruling on the application for assistance.

*In re Clerici*, 481 F.3d 1324, 1331-32 (11th Cir. 2007) (citing 28 U.S.C. § 1782(a)). As the applicant, Azima bears the burden of proof of establishing his application satisfies each of these criteria. *See Victoria, LLC v. Likhtenfeld*, 791 F. App'x 810, 816 (11th Cir. 2019); *In re Inmobiliaria Tova, S.A.*, No. 20-24981-MC, 2021 WL 925517, at *2 (S.D. Fla. Mar. 10, 2021) (same).

---

[2] *Farhad Azima -v- (1) RAKIA (2) David Neil Gerrard (3) Dechert LLP and (4) James Edward Deniston Buchanan* (Claim Number: HC-2016-002798))

Even when these elements are met, however, "a district court is not required to grant a § 1782(a) discovery application simply because it has the authority to do so." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264 (2004) (citation omitted). Thus, even if Azima could establish that all statutory requirements are met, this Court can consider the following discretionary factors:

> (1) whether 'the person from whom discovery is sought is a participant in the foreign proceeding' ...; (2) 'the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance'; (3) 'whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States'; and (4) whether the request is otherwise 'unduly intrusive or burdensome.'

*Victoria, LLC*, 791 F. App'x at 817 (quoting *Intel*, 542 U.S. at 264-65). Finally, if the application is granted, the document or thing produced must be done in accordance with the Federal Rules of Civil Procedure. 28 U.S.C. § 1782(a).

### III. Azima failed to meet his burden under Section 1782 to show that Arusy "resides" or is "found" in this District.

Azima's sole argument in support of the fourth (and necessary) statutory factor is his claim that Arusy is the "owner and founder" of Global Impact, LLC, a Florida limited liability company, which was formed on February 23, 2018. Dkt. 1 at 2 of 3; Dkt. 1-1 at 13-14 of 18); Dkt. 1-2 ¶ 12, pp. 78-83 (Ex. B). While it may be that the corporate records Azima references show that *the entity*, Global Impact Services, LLC, "resides" or is "found" in Florida, they do nothing of the sort as to Arusy. This is because "[a]n individual's ownership interest in a corporation does not make that individual a resident of the place where that corporation is located, much less render that person physically present there. *In re RSM Prod. Corp.*, No. 17MC213 (DLC), 2018 WL 1229705, at *3 (S.D.N.Y. Mar. 9, 2018); *see also In re Application of MTS Bank*, No. 17-21545-MC, 2017 WL 3276879, at *6 (S.D. Fla. Aug. 1, 2017). Because Azima's efforts to demonstrate Arusy resides or is found in the Southern

District of Florida are woefully deficient, the Court should deny Azima's application as to Arusy on this basis alone.

Azima has not come forward with any evidence to show Arusy, for example, "owns real property in the District, . . . registered several motorcycles in this District, pays real estate taxes to Miami-Dade County, and maintains several phone numbers with Miami area codes" or "(1) owns real property, (2) owns two automobiles, (3) pays real estate taxes, (4) owns a Florida telephone number, and (5) conducts financial transactions" within the district. *See Terra Inv., LLC*, No. 21-CV-23332, 2023 WL 21014, at *2-3 (S.D. Fla. Jan. 3, 2023) (citing *In re Deposito Centralizado de Compensacion y Liquidacion de Valores Decevale, S.A.*, 20-25212-MC, 2021 WL 2323226, at *5 (S.D. Fla. June 1, 2021); *In re MTS Bank*, 17-21545-MC, 2017 WL 3155362 (S.D. Fla. July 25, 2017)). Nor can he. In short, Azima has not (and indeed cannot) make the showing necessary to demonstrate Arusy resides in this district.

Nor has Azima made the necessary showing that Arusy is "found" in the district. Several recent decisions in this district have explained that to be "found" here, the district court must "look at the respondent's contacts with the forum" and whether "the discovery material sought proximately resulted from the respondent's forum contacts." *Terra Inv., LLC*, 2023 WL 21014, at *3 (quoting *In re Deposito Centralizado de Compensacion y Liquidacion de Valores Decevale*, 2021 WL 2323226, at *5 (internal quotation marks and citation omitted)). Further, a Section 1782 applicant is required to "provide additional specificity concerning the discovery it seeks to allow a court to evaluate whether the discovery requested is connected to the forum." *Id.* For example, in *In re Deposito Centralizado de Compensacion y Liquidacion de Valores Decevale, S.A.*, the Court noted that even with the respondent's various contacts with the district, the petitioner had not shown that owning a house and

4

vehicles in the district had any connection to the foreign proceeding at issue for which the applicant was seeking discovery. *See* 2021 WL 2323226, at *5.

Where, as here, the applicant has not submitted evidence or facts to demonstrate that the personal contacts of the respondent with the district "gave rise to the discovery sought," the applicant has failed to demonstrate that the respondent is "found" in the district. *See Terra Inv., LLC*, 2023 WL 21014, at *3. As explained in *In re Inmobiliaria Tova, S.A.*, the applicant must "show with specificity that [Arusy's] contacts with the district 'are the primary reason that the evidence sought is available at all.'" 2021 WL 925517, at *5. Azima has not done this. Vague and conclusory allegations like those made in his application do not satisfy his burden to demonstrate that Arusy is "found" here. *Id.*

In the end, Azima's bare assertions that Arusy formed Global Impact Services, LLC in the state of Florida and is its owner come nowhere close to making the necessary showing that Arusy is "found" in this district. And this is especially true when there is no evidence that what Azima seeks (such as testimony or documents concerning alleged meetings in London) have anything to do with the state of Florida, or any contact that Arusy may have had here in the past.

The bulk of the materials attached to Azima's motion do not even mention Arusy (or, for that matter, Global Impact Services, LLC). The *only* exhibits that identify Arusy are the Holden Declaration, which are statements of counsel and not evidence, and which show no connection between Arusy and this district.[3] Even the bank records show no links to Florida.[4] Thus, Azima's application has failed to demonstrate that Arusy is "found" in this district for purposes of Section 1782(a).

---

[3] Holden is an attorney for Azima in the U.K. Litigation and has no personal knowledge of the matters at issue. In this Circuit, "statements and arguments of counsel are not evidence." *United States v. Valois*, 915 F.3d 717, 726 (11th Cir. 2019). Further, because Holden attempts to summarize certain aspects of the 30(b)(6) deposition of Insight Analysis and Research, Arusy refers the Court to the actual transcript which has been filed in the *Azima v. Insight Analysis and Research, LLC* matter at Dkt 67-7, and which provides absolutely no connection to the state of Florida for any of the matters discussing Arusy. *See, e.g.,* Dkt. 67-7 at 67-71, 75-77, 90-96.

[4] The bank records attached to the petition that identify an entity named "Global Impact Services LLC" (but not Arusy individually), give no indication of financial transactions in Florida. In fact, the only transaction with a location

50122293 v1

IV. **Even if Azima could satisfy the statutory factors, the Court should decline to issue the subpoenas as proposed since they are "unduly intrusive and burdensome."**

Again, "a district court is not required to grant a § 1782(a) discovery application simply because it has the authority to do so." *Intel Corp.*, 542 U.S. at 264 (citation omitted). Courts consider several discretionary factors before ultimately determining whether to grant the application. *See id.* Specifically here, the requests by Azima run counter to the fourth *Intel* factor—that the request is otherwise "unduly intrusive or burdensome." *Victoria, LLC*, 791 F. App'x at 817 (quoting *Intel*, 542 U.S. at 264-65).

When an application under Section 1782 is found to be unduly intrusive or burdensome, courts may grant the request in part or tailor the discovery order, as opposed to rejecting it altogether. *See In re Application of Auto-Guadeloupe Investissement S.A., for an Ord. to Take Discovery Pursuant to 28 U.S.C. Section 1782*, No. 12 MC 221 RPP, 2012 WL 4841945, at *10 (S.D.N.Y. Oct. 10, 2012) (revising the application to limit the expansive portions of the request); *In re Mesa Power Grp., LLC*, No. CIV.A. 2:11-MC-280-E, 2012 WL 6060941, at *9 (D.N.J. Nov. 20, 2012) (granting the portions that were narrowly tailored but denying the overbroad and burdensome portions of the application).

Further, when dealing with foreign parties, like Arusy, "American courts must exercise special vigilance to protect foreign parties from unduly burdensome discovery requests" *In re Mesa Power Grp., LLC*, 2012 WL 6060941, at *9 (citing *Societe Nationale Industrielle Aeropostiale v. U.S. Dist. Court for the Southern Dist. Of Iowa*, 482 U.S. 522, 546 (1987)). "If the [district court] . . . suspects that the request is a 'fishing expedition' or a vehicle for harassment, the district court should deny the request." *In re Request for Assistance from Ministry of Legal Affairs of Trinidad & Tobago*, 848 F.2d

---

indicates the payment was received in a Washington, DC account, not one in Florida. *See* Dkt. 1-2 at 86 of 228. While this may not matter for whether Truist is "found" or "resides" in this District, it certainly matters if Azima seeks to use those transactions as a basis to "find" Arusy in this District.

1151, 1156 (11th Cir. 1988) (abrogated on other grounds by *Intel Corp.*, 542 U.S. at 249); *In re Abud Valech*, No. 1:20-MC-23408-WPD, 2020 WL 8919124, at *4 (S.D. Fla. Dec. 31, 2020) ("Specifically, the Eleventh Circuit has instructed that they expect the district [court] [to] carefully examine and give thoughtful deliberation to any request for assistance submitted by an 'interested person' and 'deny the request' when it 'suspects that the request is a fishing expedition or a vehicle for harassment.'"), *report and recommendation approved*, No. 20-MC-23408-WPD, 2021 WL 1062228 (S.D. Fla. Mar. 18, 2021); *see also In re Ex Parte Application of Qualcomm Inc.*, 162 F. Supp. 3d 1029, 1043 (N.D. Cal. 2016) ("Requests are unduly intrusive and burdensome where they are not narrowly tailored, request confidential information and appear to be a broad 'fishing expedition' for irrelevant information.").

Discovery orders under Section 1782 are governed by the Federal Rules of Civil Procedure, which further describe what constitutes an unduly burdensome request. *See, e.g.* Fed. R. Civ. P. 26 and 45. Factors that may help to determine whether a request is overly burdensome include "relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed." *In re Application of Auto-Guadeloupe Investissement S.A., for an Ord. to Take Discovery Pursuant to 28 U.S.C. Section 1782*, 2012 WL 4841945, at *10. Here, proposed discovery as to Arusy, as well as that to Truist concerning any accounts that may be held by Arusy,[5] run afoul of these standards and should be barred or limited under *Intel*.

The request to Truist bank seeks:

> All documents and communications related to Mr. Eitan Arusy and Global Impact Services, LLC. The request includes all bank statements, any records showing or communications (including SWIFT payment records) relating to the transfer of money, and any other financial instrument including but not limited to checks, wire

---

[5] Arusy has standing to object to the application as to his personal records at Truist. *Frenkel v. Acunto*, No. 11-62422-CIV, 2014 WL 4680738, at *3 (S.D. Fla. Sept. 19, 2014); *United States v. Cimino*, 219 F.R.D. 695, 696 (N.D. Fla. 2003);

>transfers, loans, lines of credit, or any other banking services. The request also includes all account opening documents, and extends to all responsive bank accounts with Truist.

Dkt. 1-2 at 225.

As this broad language makes clear, Azima makes no effort to limit the scope of the requests by time or subject matter. *See In re Abud Valech*, 2020 WL 8919124, at *10 (denying application where there was "no attempt to curtail the information even as to the time period at issue, or the topics at issue"); *In re Letter of Request for Jud. Assistance from Tribunal Civ. de Port-au-Prince, Republic of Haiti*, 669 F. Supp. 403, 408 (S.D. Fla. 1987) (modifying temporal scope of application for bank records to only during the time the holder of the account was in the position at issue); *In re Furstenberg Fin. SAS*, No. 18-MC-44 (JGK), 2018 WL 3392882, at *7 (S.D.N.Y. July 12, 2018) (allowing the application *because* the applicant "substantially limited their requests to include only wire transfer records where a Discovery Target is listed as the originator, or the beneficiary, or is otherwise referenced in the wire transfer" . . . "reducing the intrusiveness of the request with respect to those subjects whose wire transfer information is sought").

Instead of placing appropriate guardrails on the request for Arusy's bank records, Azima simply asks for them all. He seeks a golden ticket to dig through any of Arusy's confidential bank accounts and records with no limitation and no showing that anything therein is related to any of the matters in the U.K. Litigation. This is impermissible. *See In re Abud Valech*, 2020 WL 8919124, at *6 (citing *In re Bernal*, No. 18-21951-MC-WILLIAMS/TORRES, 2018 WL 6620085, at *8-9 (S.D. Fla. Dec. 18, 2018) (holding that subpoenas with the words "relating to" or "regarding" with no specificity of the nature to the communication sought can render a discovery request facially overbroad and burdensome)); *In re Rendon*, No. 1:20-MC-21152-KMM, 2020 WL 8771274, at *5 (S.D. Fla. Nov. 5, 2020), *report and recommendation adopted*, 519 F. Supp. 3d 1151 (S.D. Fla. 2021); *Kearney Partners*

8

*Fund, LLC by & through Lincoln Partners Fund, LLC v. United States by & through Internal Revenue Serv.*, No. 210CV153FTM36SPC, 2011 WL 13137948, at *7 (M.D. Fla. Dec. 19, 2011) ("Request[s] for production that request any and all communications are generally considered overbroad and unduly burdensome"); *TIC Park Ctr. 9, LLC v. Cabot*, No. 16-24569-CIV, 2017 WL 3034547, at *4-5 (S.D. Fla. July 18, 2017) (denying document requests for all documents "relating to" or "concerning" because such terms are overbroad and function "like a giant broom, sweeping everything in their path, whether useful or not").

Accordingly, the Court should either deny the application as to any of Arusy's bank records and documents held by Truist in their entirety or significantly limit the subpoena temporally and to only those transactions that are demonstrably related to the allegations in the U.K. Litigation, with all other entries being redacted. *See In re Ex Parte Glob. Energy Horizons Corp.*, 647 F. App'x 83, 87 (3d Cir. 2016) (noting that the court can simply deny an overbroad application and is under no obligation to limit or modify the request to avoid the problems presented by the request); *In re Application of HydroDive Nigeria, Ltd.*, No. 13-MC-0477, 2013 WL 12155021, at *4 (S.D. Tex. May 29, 2013) (limiting view of records to a single attorney in the foreign jurisdiction where the foreign proceeding was pending, if that attorney consented to jurisdiction of the district court to enforce the order, and allowing the redaction of information prior to production).

Similarly, the proposed subpoena to be issued to Arusy also runs afoul of the fourth *Intel* factor. As to the first request, Arusy does not assert that the specified topics (2) through (9) are in violation of the fourth *Intel* factor on their face.[6] *See* Dkt. 1-2 at 215. But the first clause of the request—"All

---

[6] If the subpoena is ultimately issued and properly served, Arusy reserves all rights to raise matters as appropriate under the Federal Rules of Civil Procedure, including Rules 26 and 45, as appropriate. *See Tex. Keystone, Inc. v. Prime Natural Resources, Inc.*, 694 F.3d 548 (5th Cir. 2012) ("[Section] 1782 does not establish a standard for discovery. Instead, it provides for a threshold determination of whether to allow foreign litigants to enjoy discovery in U.S. courts in accordance with the federal rules.").

documents and communications from September 2014 to present related to Farhad Azima or Azima's Associates"—is exceedingly expansive. On its face, it relates to at least ten separate individuals, including counsel in this case. Even the definition of "Azima's Associates" further compounds the issue by using the "including but not limited to" clause before the listed individuals. *See In re Bernal*, 2018 WL 6620085, at *8-9.

Making matters worse, the first request seeks documents and communications over a period of eight-and-a-half years. Given the potentially tremendous reach of this introductory clause, even if Azima could meet the statutory factors under Section 1782 and show Arusy "resides" or is "found" in this District (which he cannot), Arusy requests that the Court limit the first request under *Intel* to the specific items (2) through (9) as set forth in the draft request.

The second request in the proposed subpoena to Arusy seeks "all documents and communications" with over 25 individuals or entities over an eight-and-a-half-year period with no limitation for subject matter. Dkt. 1-2 at 215. If this present application is indeed a request related to the U.K. Litigation, then the request should be drafted to reflect matters that are at issue in that litigation, not merely name individuals that Azima has alleged were involved either as parties or as alleged actors at various points in time. *Baxalta Inc. v. Genentech, Inc.*, No. 16-MC-80087-EDL, 2016 WL 11529803, at *8 (N.D. Cal. Aug. 9, 2016) ("Genentech properly concedes that Baxalta's requests may contain 'a kernel of information relevant to the Japanese [Action],' but persuasively argues that if any of Baxalta's requests are directed to relevant information, they are buried in overbroad, intrusive requests for competitively sensitive information.").

Because Azima has made no effort to identify the scope of the subject matter of the communications and has requested the documents and communications be provided for a significant time period without any showing that Arusy was involved in any matter at issue in the U.K. Litigation

10

during the entirety of this broad period, the request is unduly burdensome and intrusive on its face. Requiring a foreign third-party (here, Arusy) to search documents for such a long period of time covering potentially unlimited subject matter, and only on the basis of such a flimsy showing, contravenes the fourth *Intel* factor. Accordingly, the Court should decline to grant the application as to paragraph number 2 in the request.

### V.     Conclusion

Because Azima's application and supporting materials fail to demonstrate that Arusy either "resides" or is "found" in this District under Section 1782(a), and Azima has the burden to do so, his application must be denied as to Arusy individually.

Even if Azima could met this burden (which he has not, and cannot), the Court should still deny the application or significantly limit the scope of the application as to Arusy under *Intel* as described herein because its expansive breadth is "unduly intrusive or burdensome." Similarly, the Court should also deny or significantly limit the scope of the application as to Truist under *Intel* to the extent it concerns Arusy's individual bank records and documents as described herein because it is "unduly intrusive."

Dated:  January 31, 2023

        **BURR & FORMAN LLP**

By:  */s/ Adam R. Smart*
**ADAM R. SMART**
Florida Bar No.:  1032572
50 North Laura Street, Suite 3000
Jacksonville, Florida 32202
Telephone: (904) 232-7200
Facsimile: (904) 232-7201
**ATTORNEY FOR EITAN ARUSY**
**Primary and Secondary E-Mail Addresses:**
asmart@burr.com
jmlewis@burr.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 31st day of January, 2023, I electronically caused the foregoing document to be filed with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record in the manner specified via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Adam R. Smart*
Attorney
