IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-mc-81229-JEM/BECERRA

| | |
|---|---|
| *In re:* Application Pursuant to 28 U.S.C.§ 1782 of<br><br>FARHAD AZIMA<br><br>      Petitioner,<br><br>v.<br><br>GLOBAL IMPACT SERVICES,<br>EITAN ARUSY, and<br>TRUIST FINANCIAL CORPORATION,<br><br>      Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## REPLY TO RESPONDENT EITAN ARUSY'S OPPOSITION TO 28 U.S.C. § 1782 PETITION FOR DISCOVERY

   Petitioner Farhad Azima respectfully files this reply to Respondent Eitan Arusy's response in opposition (D.E. 17) to Petitioner's application seeking discovery under 28 U.S.C. § 1782 ("Section 1782") (*see* D.E. 1). As the application's petition and memorandum in support thereof outline, Petitioner seeks relevant personal documents and the deposition of Respondent Arusy for use in a proceeding in the United Kingdom in which Petitioner is a party and the ultimate question before the court is whether the UK Defendants hacked Mr. Azima's data. Mr. Arusy does not dispute that Mr. Azima has met the burden under Section 1782 of showing that he has evidence relevant to Mr. Azima's claim in a foreign proceeding. Indeed, recent depositions of co-conspirator entities Insight Analysis & Research LLC and SDC-Gadot LLC directly implicated Mr. Arusy in meetings with a defendant in the UK proceeding, Neil Gerrard, on "Project Beech," a project under which Mr. Azima was investigated and hacked.

1

The sole basis for Mr. Arusy's opposition to Mr. Azima's petition is that he allegedly neither "resides" nor "is found" in the Southern District of Florida.[1] (*See* D.E. 17 at 3–5). Mr. Arusy's argument is unavailing. Mr. Arusy is "found" within the Southern District of Florida because he owns and operates a Florida-based company, Global Impact Services, LLC ("GIS"), and therefore has sufficient contacts to subject him to this Court's jurisdiction. Alternatively, GIS serves as his alter ego, and the Court may pierce the corporate veil and find jurisdiction in that capacity. Thus, the Court should grant Petition's application and order Mr. Arusy to submit to the requested discovery.

**I.    Mr. Arusy Has Sufficient Contacts with the District Through His Florida-Based Company and Therefore is Subject to the Court's Jurisdiction and Reach.**

Under 28 U.S.C. § 1782(a), the Court may grant Mr. Azima's application for discovery of any person who "resides or is found" in the district. Courts in this district follow the Second Circuit, which has held that a Section 1782 petitioner's demonstration that the discovery sought proximately resulted from the respondent's forum contacts is "sufficient" to establish specific jurisdiction for ordering discovery. *See In re del Valle Ruiz*, 939 F.3d 520, 530 (2d Cir. 2019) (cited by *In re Deposito Centralizado de Compensacion y Liquidacion de Valores Decevale, S.A.*, No. 20-25212, 2021 WL 2323226, at *5 (S.D. Fla. June 1, 2021)).

Courts in this district have considered the management of Florida-based business entities and Florida financial transactions as forum contacts for purposes of jurisdictional analysis. *See In re Deposito Centralizado*, 2021 WL 2323226, at *5 (finding that management of subpoenaed Florida entities are forum contacts for jurisdictional analysis); *In re Terra Inv., LLC*, No. 21-cv-

---

[1] Like Respondent Global Impact Services, Mr. Arusy makes arguments focusing on the scope of the proposed subpoenas. *See* D.E. 17 at 6-11. As with GIS, Mr. Arusy does not deny the relevance of "Project Beech" to the UK proceedings and does not deny that he possesses discoverable information. The Court ordered the parties to confer over and propose a hearing date for the scope objections.

2

23332, 2023 WL 21014, at *5 (S.D. Fla. Jan. 3, 2023) (stating that financial transactions in Florida are jurisdictional forum contacts).

Mr. Azima has alleged in his Section 1782 application that Mr. Arusy is the "owner and founder" of Florida-based Respondent GIS, a statement supported by the articles of incorporation and annual reports for GIS. (D.E. 1-1 at 12-13.) Mr. Azima also filed a Section 1782 application for discovery of GIS in this Court, and GIS did not dispute the Court's jurisdiction over it. (*See* D.E. 18). Moreover, Mr. Azima has alleged that Mr. Arusy, through Florida-based GIS, sent $730,000 to and received $260,000 from Mr. Forlit, via Florida-based Respondent Truist. (D.E. 1-1 at 9.) With specificity, Mr. Azima has pleaded forum contacts by Mr. Arusy through his management of a Florida business entity and financial transactions conducted using that entity.

Indeed, Mr. Azima's requested discovery of Mr. Arusy arises directly out of Mr. Arusy's management of GIS and Florida-based financial transactions. Mr. Azima's narrowly tailored discovery requests seek documents and communications concerning the investigation under which Mr. Azima was targeted. Mr. Forlit has testified that Mr. Arusy (through GIS) was involved in high level meetings in this investigation and was paid for his work. (*See* D.E. 1 at 3, 9.)

Because Mr. Azima's requested discovery of Mr. Arusy flows directly from Mr. Arusy's management of a Florida entity and Mr. Arusy's Florida-based financial transactions, Mr. Arusy is "found" in this district and is therefore subject to discovery under Section 1782.

**II. Alternatively, Mr. Arusy is the "Alter Ego" of GIS, an Entity Clearly "Found" in the District, and is Subject to Discovery in that Capacity.**

In addition, Mr. Arusy serves as the "alter ego" of GIS and, as such, must appear in Florida for discovery, just as GIS is required to. To pierce the corporate veil, a plaintiff must establish (1) the defendant "dominated and controlled the corporation to such an extent that the corporation lacked independent existence," (2) the defendant "engaged in 'improper conduct' in the formation

3

or use of the corporation," and (3) the "improper formation or use of the corporate form injured the plaintiff." *E. Okeechobee Palms, LLC v. Kellam*, No. 14-cv-80866, 2015 WL 12977392, at *4 (S.D. Fla. Feb. 23, 2015) (citing *Molinos Valle del Cibae, C. por A. v. Lama*, 633 F.3d 1330, 1349 (11th Cir. 2011)); *see also Dania Jai-Alai Palace, Inc. v. Sykes*, 450 So. 2d 1114, 1117 (Fla. 1984) ("The overwhelming weight of authority is to the effect that courts will look through the screen of corporate entity to the individuals who compose it in cases in which the corporation was a mere device or sham to accomplish some ulterior purpose, or is a mere instrumentality or agent of another corporation or individual owning all or most of its stock, or where the purpose is to evade some statute or to accomplish some fraud or illegal purpose.") (citation and emphasis omitted); *Stonepeak Partners, LP v. Tall Tower Capital, LLC*, 231 So. 3d 548, 556 (Fla. Dist. Ct. App. 2017) ("To pierce the corporate veil the plaintiff must establish [] the corporation is a mere instrumentality or alter ego of the defendant.").

First, Mr. Arusy not only formed GIS, but is also its sole director and officer.[2] Mr. Arusy also appears as the "Manager" of GIS on each of its annual corporate filings. Accordingly, Mr. Arusy exerts complete dominance and control over GIS. Second, Mr. Arusy has used GIS to participate in computer hacking operations against Mr. Azima and others, thus using GIS to engage in improper conduct. Mr. Forlit provided sworn testimony that Mr. Arusy participated in regular "staff meetings" with Mr. Forlit and the Defendants in the UK Proceeding. These staff meetings involved discussions of the fruits of hacking operations and plans to conduct further computer hacking. *See* D.E. 1-1 at 3; *see also Turchrome Krom Madencili Sanayi Ve Dis Ticaret Ltd. Surketi Turkey v. Cevik, et al.*, No. 2019-009205-CA-01, Dkt No. 1383 at 4 (Fla. Miami-Dade Cnty. Ct. Oct. 7, 2022) (separate lawsuit accusing Mr. Arusy and GIS of hacking on behalf of Gibson Dunn).

---

[2] Global Impact Services, Inc., https://opencorporates.com/companies/us_fl/L18000049498 (last visited Feb. 14, 2023)

Finally, Mr. Arusy's participation in the hacking scheme and staff meetings with the UK Defendants harmed Mr. Azima by causing the theft of Mr. Azima's confidential documents and trade secrets. Thus, GIS clearly serves as the alter ego of Mr. Arusy, and the Court should pierce the corporate veil and allow for discovery of Mr. Arusy.

### III. Conclusion

For the foregoing reasons, and those in the petition, Petitioner respectfully requests that this Court grant his Section 1782 discovery application as to Mr. Arusy.

Dated: February 14, 2023

Respectfully submitted,

s/ *Vanessa Singh Johannes*
Vanessa Singh Johannes (FBN 1028744)
E-mail: VJohannes@carltonfields.com
CARLTON FIELDS P.A.
700 N.W. 1st Avenue, Suite 1200
Miami, Florida 33136-4118
Telephone: (305) 530-0050

*s/ Calvin Lee*
Kirby D. Behre (admitted *pro hac vice*)
Timothy P. O'Toole (admitted *pro hac vice*)
Ian A. Herbert (admitted *pro hac vice*)
Calvin Lee (admitted *pro hac vice*)
MILLER & CHEVALIER CHARTERED
900 16th Street, NW
Washington, D.C. 20006
Telephone: (202) 626-5800
Fax: (202) 626-5801
Email: kbehre@milchev.com

*Counsel for Petitioner*

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 14, 2023, a true and correct copy of the foregoing document was filed via CM/ECF and served on counsel for GIS, Mr. Arusy, and Truist, that is, Adam R. Smart and Mark E. Steiner, via such means.

 *s/ Vanessa Singh Johannes*
Vanessa S. Johannes